11-1441-pr
Emmons v. Artus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:
      ROBERT A. KATZMANN,
      GERARD E. LYNCH,
      DENNY CHIN,
            *Circuit Judges.*

_____

MARK L. EMMONS,

     *Petitioner-Appellant*,

         v.                             No. 11-1441-pr

DALE ARTUS,

     *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | JOSEPH M. LATINO, Croton on Hudson, N.Y. |
| For Respondent-Appellee: | LISA ELLEN FLEISCHMANN, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y. |

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Mark L. Emmons appeals from a March 8, 2011 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Emmons seeks to collaterally attack his conviction in New York State Supreme Court, following a jury trial, for attempted robbery and criminal possession of a weapon.  We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

"We review de novo a district court's denial of a petition for a writ of habeas corpus." *Dixon v. Miller*, 293 F.3d 74, 78 (2d Cir. 2002).  Pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus "shall not be granted . . . unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  "A state court's decision is contrary to clearly established federal law, as expressed by the Supreme Court, if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008) (internal brackets and quotation marks omitted).  A decision is based on "an unreasonable application of clearly established federal law if the state court correctly identifies the governing legal rule but applies it unreasonably to the

2

facts of a particular prisoner's case, or refuses to extend a legal principle that the Supreme Court has clearly established to a new situation in which it should govern." *Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006) (internal citation and quotation marks omitted).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," defined as "fall[ing] below an objective standard of reasonableness"; and (2) counsel's "deficient performance prejudiced the defense," meaning that "counsel's errors were so serious [that they deprived] the defendant of a fair trial," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. But where counsel's "omissions cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness, . . . the quality of representation [is] sufficiently deficient to grant the writ." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003).

Emmons contends that his trial counsel was constitutionally ineffective for failing to object to his appearance in handcuffs before the jury pool, prior to jury selection. Assuming *arguendo* that Emmons has met his burden of establishing that this incident did, in fact, occur, and that the claim was properly exhausted in the New York state courts, we nonetheless conclude it is without merit. While "[f]orcing a party to appear at a jury trial in manacles and other shackles may well deprive him of due process unless the restraints are necessary," *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995), "an inadvertent view by jurors of defendants in handcuffs, without more, is not so inherently prejudicial as to require a mistrial," *United States v. Taylor*, 562 F.2d 1345, 1359 (2d Cir. 1977); *see also Ghent v. Woodford*, 279

3

F.3d 1121, 1133 (9th Cir. 2002) (no constitutional violation for "brief or inadvertent" view of defendant in shackles by jury).  Accordingly, we cannot conclude that "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), dictates that Emmons's counsel was constitutionally ineffective for failing to seek a new jury panel after Emmons briefly appeared before the initial jury pool in handcuffs.  Nor can we conclude that denying such a claim would constitute a "refus[al] to extend a legal principle that the Supreme Court has clearly established to a new situation in which it should govern," under 28 U.S.C. § 2254(d)(2), *Yung*, 468 F.3d at 176.

We have considered all of Emmons's other arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK